UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAYCEE DUGARD, individually, and as Guardian ad Litem for her Minor Children,<br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1-10, inclusive,<br>Defendants. | Case No. CV-11-4718-CTB<br><br>ORDER REGARDING SUPPLEMENTAL BRIEFING ON UNITED STATES' MOTION TO DISMISS<br><br>Hon. Carlos T. Bea |

Defendant United States is ordered to address by letter brief, within 10 days from the date of this order, the following issue:

The government has taken the position that determining subject matter jurisdiction under the discretionary function exception to the FTCA involves a "close connection"/"tight coupling" test of causation, rather than the state law concepts of causation. The government shall provide authority for this proposition, and state how this proposition can be reconciled with *Vickers v. United States*, 228 F.3d 944 (9th Cir. 2000).

Plaintiff Dugard shall reply by letter brief within 5 days of the filing of the government's letter brief.

Plaintiff Dugard is ordered to address by letter brief, within 10 days from the date of this order, the following issue:

Does the parole board have a mandatory duty to hold the parole revocation hearing referenced in 28 C.F.R. § 2.40-19? How may the mandatory parole revocation referenced in 28 C.F.R. § 2.40-19 be best reconciled with 28 C.F.R. § 2.40-13, which appears to allow intervention or sanction rather than a hearing and parole revocation? In any case, does 28 C.F.R. § 2.40-19, in Manual form, create a mandatory duty as to the board's decision?

Defendant United States shall reply by letter brief within 5 days of the filing of Dugard's brief.

No brief referenced in this order shall exceed 3,000 words in length.

SO ORDERED.

Date: JAN 1 1 2012

*Carlos Bea*
The Honorable Carlos T. Bea
UNITED STATES CIRCUIT JUDGE