UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAYCEE DUGARD, individually, and as GUARDIAN AD LITEM for her MINOR CHILDREN,<br><br>        Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA, and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 3:11-cv-04718-CTB<br><br>Tentative Decision Re: Defendant's Motion to Compel Discovery |

Before: Hon. Carlos T. Bea, Circuit Judge,

      Being fully advised in the premises, the Court tentatively grants and denies defendant United States' motion to compel discovery filed December 7, 2012, and orders, as follows:

      The order of determination follows the listing of items found at pages 5-6 of United States' Motion to Compel Plaintiffs to Comply with Discovery.

      Absent notification by either party that there is objection to a tentative ruling, the ruling will be adopted by the Court in its final order.

      1. The motion to provide a computation of each category of damages Plaintiffs claim, along with specific references to any documents or other evidentiary material which plaintiffs intend to proffer in evidence to prove such damages, is GRANTED. Documents and other materials which constitute the

work product of counsel need not be referenced.

2. Interrogatory No. 1. The motion to compel information about Plaintiffs' recent addresses is GRANTED. This information is likely to lead to the investigation of witnesses who have observed Plaintiffs, hence to evidence about the Plaintiffs' overall mental and physical condition.

3. Interrogatory No. 9. The motion to compel information about whether Plaintiffs have entered into any contracts with entertainment sources is GRANTED. The information sought is likely to lead to investigation of persons with knowledge of Plaintiffs' physical and mental condition and their abilities to earn income.

4. Interrogatory No. 17. The motion to compel information about any charitable donations or contributions Plaintiffs have received since 2009 is DENIED. Absent some showing that the government of the United States has made charitable donations to the plaintiffs, the Collateral Source rule makes this information not reasonably likely to lead to the discovery of any relevant evidence.

5. Interrogatory No. 20. The motion to compel information about visits to health care providers is GRANTED. The information is likely to lead to the discovery of evidence regarding the Plaintiffs' physical and mental condition and their ability to work and earn income.

6. Interrogatory No. 21. This interrogatory does not appear to be the subject of the parties' meet and confer as it is not mentioned in Exhibits F and G to Defendant's Motion to Compel. Without prejudice to this Court's ruling as to item No. 1. above, the motion to compel further answer to this interrogatory is DENIED for failure to prove compliance with the meet and confer rules.

7. Request to Produce No. 3(a). Motion to produce documents relating to the terms of any publishing or other contract concerning *A Stolen Life* is GRANTED. It is reasonable to conclude such documents may contain information

regarding events in Plaintiffs' lives which may be probative of negligence and the nature and extent of damages.

      8. Request to Produce No. 4. Motion to produce documents Plaintiffs have exchanged with media sources relating to issues litigated in this case is GRANTED, for the same reasons as the next ruling.

      9. Request for Production No. 6. Motion to produce documents related to written or oral statements Plaintiffs may have given to the press or other media sources is GRANTED. Such statements may lead to the discovery of evidence regarding Plaintiffs' claims as to liability and as to their mental and physical conditions, as well as their earning capacities.

      10. Request for Production No. 9. Motion to produce Jaycee Dugard's recent federal tax returns and W-2 forms is GRANTED, subject to claim of privilege from public disclosure at this time, as are all documents produced in this proceeding per earlier court order. Tax returns and forms are protected from discovery unless necessary to prepare fully against claims for damages. Here, other forms of discovery may provide some of the information needed to establish earned income over the relevant periods of time. But precise information regarding prior statements of income in the form of tax returns is necessary to question Plaintiffs adequately at deposition regarding their claims of monetary losses.

      11. Request for Production No. 10. Motion to compel production of documents relating to any medical treatment Plaintiffs have received since 2009 is GRANTED. Medical records, other than those of psychologists and psychiatrists already produced, are reasonably likely to contain information which will lead to the discovery of the nature and extent of physical and mental conditions, or lack thereof.

      12. Request for Production No. 11. This request is cumulative of the

immediately preceding request and is therefore DENIED, subject to production of bills and sources of payments, without prejudice to further motion if such bills and sources are not produced in answer to the previous request for production.

      13. Request for Production No. 12.  The motion for production of school records of Ms. Dugard's children is GRANTED.  Such documents are likely to contain information relevant to prove the mental and physical health and abilities of the children, Plaintiffs herein.

      14. Request for Production No. 13.  The motion to produce documents relating to the extracurricular activities of the children of Ms. Dugard is GRANTED.  Such documents are likely to contain information regarding the ability and disposition of the children to engage in non-school activities, which may lead to the production of evidence of their mental and physical health and abilities.

      The parties are encouraged to meet and confer regarding the above tentative rulings, and to advise the court by Friday, January 25, 2013, whether the hearing presently scheduled for Monday, January 28, 2013 is required.  If such hearing is required, the party or parties objecting to the tentative rulings above stated will inform the court by letter (electronically filed) as to which of the rulings the party desires hearing no later than 3:00 p.m. January 25, 2013.

IT IS SO ORDERED.

DATED: January 23, 2013

                                              /s/ Carlos T. Bea
                                              Hon. Carlos T. Bea, Circuit Judge