Civil Pretrial Instructions

Standing Order for
Circuit Judge Carlos T. Bea
(Revised April 8, 2013)

A.  **Meet and Confer**

At least forty-two (42) days prior to the final pretrial conference, lead counsel who will try the case shall meet and confer regarding the following:

- Preparation and content of the joint pretrial conference statement, *see* Part B, *infra*;

- Preparation and exchange of pretrial materials, *see* Part C, *infra*; and

- Settlement of the action.

B.  **Joint Pretrial Conference Statement**

At least twenty-one (21) days prior to the final pretrial conference, the parties shall file a joint pretrial conference statement. The statement shall contain the following information:

1.  **The Action.**

    a.  Substance of the Action. A brief description of the substance of claims and defenses which need to be decided.

    b.  Relief Prayed. A statement of all relief sought, particularly itemizing all damages claimed.

2.  **Factual Basis of the Action.**

    a.  Undisputed Facts. A list of all undisputed facts, *i.e.*, all facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    b.  Disputed Factual Issues. A list of all factual issues that remain to be tried.

3. **Disputed Legal Issues.**  *Without extended legal argument*, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.

4. **Estimate of Trial Time.**  An estimate of the number of hours requested for the presentation of each party's case as a whole, and broken down by each witness for direct and cross examination, opening and closing argument, etc.

5. **Trial Alternatives and Options.**

    a.  Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    b.  Consent to Trial Before a Magistrate Judge.  A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

    c.  Amendments or Dismissals.  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.

    d.  Bifurcation or Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

6. **Witnesses.**  *The following information should be provided as an appendix to the joint pretrial conference statement.*  For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition.  For each witness, there should be a short statement of the substance of his or her testimony and an estimate of the length of testimony (including direct and cross- examination).  If the witness is an

expert witness, the short statement should clearly state the expert's theories and conclusions and the bases therefore; in addition, the expert's curriculum vitae and report (if any) should be attached. If there are objections to a witness's testimony, whether in whole or in part, that or those objections should be raised through a motion in limine. For objections to deposition testimony, *see* Part B.8, *infra*.

7. **Exhibits.** *The following information should be provided as an appendix to the joint pretrial conference statement.*

    a. A *joint* exhibit list in tabular form, with (a) a brief description of the exhibit, including for what purpose the party will offer the exhibit and identifying its sponsoring witness; (b) any objections to the exhibit; (c) any response; and (d) a blank section for the Court's use. Before this list is filed with the Court, the parties shall meet and confer, in person, to consider exhibit numbers, to eliminate duplicate exhibits and confusion over exhibits, and to make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall consider whether to stipulate to authenticity and foundation.

    b. In addition to the above, a *joint* statement in which each party identifies the opposing party's exhibits for which the identifying party seeks rulings on objections *in advance* of trial. A party may identify an exhibit that it believes is critical to the case (if admitted or if not admitted) or an exhibit that it believes is representative of other exhibits such that the identified exhibit will provide a bellwether as to how the Court will rule on other exhibits.

      **8.**    <u>**Use of Discovery Responses.**</u>  *The following information should be provided as an appendix to the joint pretrial conference statement.*  Excerpts of interrogatory responses, responses to requests for admission, and deposition testimony (with specific line references identified) that each party intends to present at trial.  If there are objections to the use of written responses, the parties should include a joint memorandum that briefly states the objecting party's objection and the opposing party's response.  If there is an objection to the general subject matter of a deponent's testimony, the objection should be made through a motion in limine.  If specific objections were made during the deposition that are still in need of a Court ruling, the parties should include a joint memorandum that identifies the deposition testimony at issue and that briefly states the objecting party's objection (including any counter-designation) and the opposing party's response (including any counter-designation).  The Court expects the parties to meet and confer in good faith in the attempt to resolve those specific objections regarding deposition testimony before any memorandum regarding objections are filed.

**C.**    <u>**Pretrial Matters**</u>

    At least twenty-one (21) days prior to the final pretrial conference, the parties shall file the following pretrial materials.

    **1.**    <u>**Motions in Limine.**</u>  The following procedure should be used with respect to motions in limine.  At least thirty-five (35) days before the final pretrial conference, serve – but do not file – the moving papers.  At least twenty-eight (28) days before the conference, serve – but do not file – the oppositions.  When the oppositions are received, the moving party should

collate the motion and opposition together, back to back, and then file the paired sets (each set under separate cover) at least twenty-one (21) days prior to the conference.

Each motion in limine should address a single topic and contain no more than seven pages of briefing per side.  Reply briefs are not permitted.  Usually, each party or side should not need to file more than five motions in limine.  Each party shall number its motions in limine in order of importance, the first being the most important.

      2.      **Proposed Findings of Fact and Conclusions of Law.**  In a bench trial, each party or side shall submit proposed findings of fact and conclusions of law.

      3.      **Exhibits.**  The parties shall submit *two* sets of all exhibits.  Exhibits are not to be filed but rather shall be submitted to chambers.  *Exhibits must be tagged.*  Exhibits shall be three-hole punched on the left side and shall be submitted in binders.  Sample tags are attached as Exhibit A hereto.

      4.      **Trial Brief.**  Each party shall submit a trial brief not to exceed 15 pages absent court order.  A trial brief is most helpful to the Court when it:  (1) summarizes the party's theory of the case, (2) identifies key evidence, and (3) provides summary briefing on any controlling issues of law.

IT IS SO ORDERED.

DATED: April 8, 2013

                                                        /s/ Carlos T. Bea

                                                       Hon. Carlos T. Bea, Circuit Judge

# **Exhibit A**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case Number: _____ | Case Number: _____ | Case Number: _____ |
| TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| -------------------------------------------------- | -------------------------------------------------- | -------------------------------------------------- |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: _____ | Case Number: _____ | Case Number: _____ |
| TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| -------------------------------------------------- | -------------------------------------------------- | -------------------------------------------------- |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: _____ | Case Number: _____ | Case Number: _____ |
| TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| -------------------------------------------------- | -------------------------------------------------- | -------------------------------------------------- |