## Guidelines for Trial in Civil Cases

### Standing Order for
### Circuit Judge Carlos T. Bea
(Revised April 8, 2013)

### Pretrial Arrangements

1. Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Supervisor of the Court Reporting Services at (415) 522-2079, at least ten (10) days prior to the trial date.

2. During trial, parties may wish to use, *e.g.*, overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices.  The United States Marshal requires a court order to allow equipment into the Courthouse.  Parties should be prepared to fix any equipment, if necessary.

### Scheduling

1. Trial will normally be conducted from 9:00 a.m. to 4:00 p.m. (or slightly longer to finish a witness), with two 15-minute breaks and one 40-minute lunch break.  Parties must arrive by 8:30 a.m.  The trial week is Monday through Friday, excluding holidays.

### Time Limits

1. Ordinarily, the Court shall set fixed time limits for the presentation of evidence by each side at the final pretrial conference.  The Court shall also set fixed time limits for the examination of each witness.  The time limit includes all examination time (whether direct, cross, re-direct, or re-cross) for each witness regardless of which party called the witness. Opening and closing time limits shall be separately considered.

## Opening Statements

1. Each side will be subject to a predetermined time limit for its opening statement.

2. Parties must cooperate and meet and confer to exchange any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions at least seven (7) days in advance of trial.

## Witnesses

1. At least three (3) days (weekends and holidays not excluded) prior to each trial day, parties shall exchange a list of witnesses for that full court day and the exhibits that will be used on direct and cross- examination (other than for impeachment of an adverse witness). By 4:00 p.m. the next day (the day after the exchange of lists of witnesses and exhibits), opposing parties shall provide any objections to such exhibits and further shall provide a list of all exhibits to be used with the same witnesses on cross-examination (other than for impeachment). All notices should be provided in writing and filed with the Court, and a courtesy copy should be given to chambers immediately.

2. Parties should always have their next witness ready and in the Courthouse. Failure to have another witness ready may constitute resting.

3. Parties are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order if necessary. Every effort shall be made to avoid calling a witness twice (as an adverse witness and later as a party's witness).

4. If a witness is testifying at the time of a recess or adjournment and has not been excused, the witness shall be seated back on the stand when court reconvenes. If a new witness is to be called immediately following recess or adjournment, the witness should be seated in the front row, ready to be sworn.

5. Immediately before each new witness takes the stand, counsel calling the witness shall place on the witness stand a clearly marked copy of each exhibit that counsel expects to have the witness refer to during his or her direct examination. Immediately before beginning cross-examination, counsel conducting cross-examination shall do the same with any additional exhibits to be referenced on cross.

6. A witness or exhibit not listed in the joint pretrial conference statement may not be called or used without good cause. This rule does not apply to true rebuttal witnesses (other than experts) and exhibits. Defense witnesses are normally considered case-in-chief witnesses, not "rebuttal" witnesses.

## Use of Depositions to Impeach or Short Read-Ins

1. Depositions used at trial for impeachment shall comply with the following procedure:

   a. On the first day of trial, bring the original and clean copies of any deposition(s) intended to be used. A sealed original copy shall be provided to the Judge.

   b. The first time a deposition is read, counsel should state the deponent's name, the date of the deposition, and the name of the lawyer asking the question. If the deposition was a Fed. R. Civ. P. 30(b)(6) deposition (of an organization's designated witness), counsel should so state.

   c. When counsel reads a passage into the record, counsel should simply say, for example, "I wish to read in page ___, lines _ to ___ from the witness's deposition." A brief pause will be allowed for any objection.

   d. Counsel should then proceed by stating "question" and reading the question exactly, then stating "answer" and reading the answer exactly. Stating "question" and

"answer" is necessary so that the court reporter and the Court can follow who was talking at the deposition.

        e.      Rather than reading a passage, counsel is free to play a videotaped version of the passage, but counsel must have a system for immediate display of the precise passage.

## Deposition Designations

    1.      The following procedure applies only to witnesses who appear by deposition.  It does not apply to live witnesses whose depositions are read in while they are on the stand.  To prepare designated deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and each page from which any testimony is proffered, including pages containing a counter-designation made by opposing counsel.  Counsel should redact objections or colloquy unless needed to understand the question.  In addition, counsel should redact any testimony that has not been designated or any testimony to which an objection has been made and sustained by the Court.  Any corrections must be interlineated and references to exhibit numbers must conform to the trial numbers.  The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired.

    2.      Counsel is free to play the unredacted portions of a videotaped version of any deposition testimony.  Counsel must have a system for immediate display of the precise testimony omitting any properly redacted passages.

## Exhibits

    1.      Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions.  Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff has 1 to 99, Defendant A has 100 to 199, Defendant B has 200 to 299, etc.).  A single

exhibit should be marked only once.  If the plaintiff has marked an exhibit, then the defendant should not re-mark it.  Different versions of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits.  To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. ____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."  If an exhibit number differs from that used in a deposition transcript, however, then the latter must be conformed to the new trial number if and when the deposition testimony is read (so as to avoid confusion over exhibit numbers).

   2. Exhibits are not to be filed but rather shall be submitted to chambers (two sets).  *Exhibits must be tagged.*  Exhibits shall be three-hole punched and shall be submitted in binders.  Sample tags are attached as Exhibit A hereto.

   3. Parties must consult with each other and with the Courtroom Deputy at the end of each trial date and compare notes as to which exhibits are in evidence and any limitations thereon.  If there are any differences, parties should bring them to the Court's attention within three (3) days.

## Objections

   1. Counsel shall stand when making objections and briefly state the basis of the objection.

   2. Counsel shall not make speaking objections.

   3. There can be only one lawyer per witness, per party for all purposes, including objections.

## Settlements and Continuances

   1. Shortly before trial or a final pretrial conference, parties occasionally wish jointly

to advise the Court that a settlement has been reached and seek to take the matter off calendar, but it turns out later that there was only a settlement "in principle" and disputes remain. Cases, however, cannot be taken off calendar in this manner. Unless and until a legally binding settlement agreement is signed, all parties must be prepared to proceed with the final pretrial conference as scheduled and to proceed to trial on the trial date, or face dismissal of the case for lack of prosecution or entry of default judgment. To facilitate settlement, the Court is available to place the material terms of a settlement on the record. Only an advance continuance expressly approved by the Court will release parties from their obligation to proceed to trial. If parties expect that a settlement will be final by the time of trial or the final pretrial conference, they should notify the Court immediately in writing. The Court will attempt to confer with the parties as promptly as circumstances permit to determine if a continuance will be in order or if it can assist the parties in putting the settlement on the record. Pending such a conference, however, parties must prepare and make all filings and be prepared to proceed with trial.

IT IS SO ORDERED.

DATED: April 8, 2013

                                                        /s/ Carlos T. Bea

                                                     Hon. Carlos T. Bea, Circuit Judge

# Exhibit A

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case Number: _____ | Case Number: _____ | Case Number: _____ |
| TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ |
| Date Admitted: _____ | Date Admitted: _____ | Date Admitted: _____ |
| By: _____ | By: _____ | By: _____ |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: _____ | Case Number: _____ | Case Number: _____ |
| TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ |
| Date Admitted: _____ | Date Admitted: _____ | Date Admitted: _____ |
| By: _____ | By: _____ | By: _____ |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: _____ | Case Number: _____ | Case Number: _____ |
| TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ | TRIAL EXHIBIT NO. _____ |
| Date Admitted: _____ | Date Admitted: _____ | Date Admitted: _____ |
| By: _____ | By: _____ | By: _____ |