STUART F. DELERY
*Principal Deputy Assistant Attorney General*
JAMES G. TOUHEY, JR.
*Director, Torts Branch*
BRIDGET BAILEY LIPSCOMB (TN 016575)
*Senior Trial Counsel*
PAUL STERN (NJ 015832007)
*Trial Attorney*
DEEPTHY KISHORE (IL 6306338)
*Trial Attorney*
Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044
Telephone: 202-616-9356
Facsimile: 202-616-5200
e-mail: bridget.lipscomb@usdoj.gov
e-mail: deepthy.c.kishore@usdoj.gov
e-mail: paul.david.stern@usdoj.gov

Attorneys for the United States of America
       Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jaycee Dugard and A. Dugard, | CASE NO. CV-11-4718-CTB |
| Plaintiffs, | **UNITED STATES' MOTION FOR AN OFFSET FOR PLAINTIFFS' SETTLEMENT WITH CALIFORNIA** |
| vs. | |
| United States of America, and Does 1-50, inclusive, | Date:  September 5, 2013<br>Time:  10:00 a.m. |
| Defendants. | Crtrm.: 15, 18th Floor<br>Hon. Carlos T. Bea |

U.S.' Mot. For Offset for Settlement

**UNITED STATES' MOTION FOR AN OFFSET FOR PLAINTIFFS' SETTLEMENT WITH CALIFORNIA**

PLEASE TAKE NOTICE that Defendant United States of America, by its attorneys, hereby requests that the Court grant it an offset for the settlement of Jaycee Dugard and A. Dugard (Plaintiffs) with the state of California, and determine the amount of the offset after the presentation of the trial evidence. This motion is brought pursuant to Fed. R. Civ. P. (Rule) 7. As explained in the attached Memorandum, good cause exists to grant this request because Plaintiffs are not entitled to double recovery for claims brought against both California and the United States of America. A proposed order accompanies this Motion.

**MEMORANDUM**

**INTRODUCTION**

Plaintiffs would have this Court permit a double recovery for claims brought against both California and the United States. Plaintiffs brought claims against the state of California for injuries arising from a period of 18 years. Plaintiffs then settled with California. Plaintiffs subsequently filed the instant action against the United States for injuries resulting from the same events. In order to prevent Plaintiffs from obtaining a double recovery, the United States files the attached Motion for an Offset for Plaintiffs' Settlement With California, pursuant to Cal. Civ. Code § 877(a). This brief is submitted in support of the United States' Motion for an Offset.

**BACKGROUND**

Plaintiffs settled with the state of California for $20,000,000. *See* Settlement Agreement Ex. A, at 1. Now they seek damages from the United States for the same harm. Despite the completely identical nature of the claimed injury, Plaintiffs have attempted to argue that this Court should find that none of the settlement with California offsets a judgment against the United States.

On January 25, 2010, Plaintiffs filed claims with the California Victim Compensation and Government Claims Board. *See* Government Claims ▇▇▇ Ex. B, at PLFS001329-30, 133-34. Jaycee Dugard's claim sought remedy for incidents occurring between June 10, 1991 and August 26, 2009. *See* Ex. B, at PLFS001329-30. A. Dugard's claim sought remedy for incidents beginning at birth and continuing until August 26, 2009. *See* Ex. B, at PLFS001333-34. Both claims sought remedy for "▇▇▇" Ex. B, at PLFS001330, PLFS001334. The claims argued that these injuries were caused by "▇▇▇▇▇▇▇" *Id.* Additionally, treatment plans by therapists treating Plaintiffs—

filed with the Victim Compensation and Government Claims Board—referred to the same incidents when assessing Plaintiffs' injuries. *See* Additional Treatment Forms Ex. C, at RB000053, JC000003.

On July 30, 2010, Plaintiffs settled with the state of California for $20,000,000. *See* Ex. A, at 1. The settlement referenced "Government Claims ▇▇▇ through ▇▇▇" in its recitals. *Id.* The settlement agreement between Plaintiffs and California was made "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" *Id.* The stipulation for settlement also stated that the settlement was made in compromise for "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Stipulation for Settlement Ex. D, at 1. The state of California passed a private bill that referenced the Government Claims and ultimately approved the settlement. *See* California Assembly Bill AB1714 Ex. E, at 4, 5 (stating that Jaycee was kidnapped for a period of 18 years and specifically referencing the claims filed with the California Victim Compensation and Government Claims Board).

Plaintiffs then filed administrative claims against the United States. *See* Standard Form 95 Ex. F. The claims referred to events beginning in 1991 and continuing until 2009. *See* Standard Form 95 Ex. F, at DUG-PC 000017-23, DUG-PC 000024-30. After the claims were denied, Plaintiffs brought the instant action. In an interrogatory, Plaintiffs referred to the harm resulting from 18 years of captivity as the injury for which they seek relief. *See* Plts' Res. to U.S. Interrog. Ex. G, at 14:22-27, August 9, 2012. Plaintiffs' complaint alleges harm from 1991 and 2009. *See* Plts' Second Am. Compl. Ex. H, ¶¶ 1, 38-40.

**DISCUSSION**

The motion to offset damages should be granted to prevent Plaintiffs from obtaining a double recovery. Pursuant to Cal. Civ. Code § 877(a), prior settlement with a "joint tortfeasor," reduces the claims against the remaining tortfeasor "in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater." Cal. Civ. Proc. Code § 877(a). The statute is designed to provide "equitable sharing of damages." *Cnty. of San Bernardino v. Walsh*, 69 Cal. Rptr. 3d 848, 857 (Cal. Ct. App. 2007) (citing *Reed v. Wilson* 86 Cal.Rptr.2d 510, 513 (Cal. Ct. App. 1999)). Its purpose is to prevent a "double recovery, collecting part of [plaintiff's] total claim from one joint tortfeasor and all of his claim from another." *Id.*; *In re JTS Corp.*, 617 F.3d 1102, 1116 (9th Cir. 2010). This offset is limited to economic damages.[1] *See* Cal. Civ. Code § 1431.2; *Espinoza v. Machonga*, 11 Cal. Rptr. 2d 498, 504 (Cal. Ct. App. 1992). If the settlement does not "differentiate between economic and noneconomic damages," as in the present case,[2] the offset is determined "in proportion to the ratio of economic to noneconomic damages awarded by the trier of fact" in the instant case. *Wilson v. John Crane, Inc.*, 97 Cal. Rptr. 2d 240, 253 (Cal. Ct. App. 2000). If plaintiffs seek to limit an offset, plaintiffs must bear the burden "to establish facts to justify the allocation." *Ehret v. Congoleum Corp.*, 73 Cal. App. 4th 1308, 1321-22 (Cal. Ct. App. 1999).

The offset is an assessment of actual recovery from the settlement, not proportionate responsibility among tortfeasors. *Am. Motorcycle Assn. v. Superior Court*, 578 P.2d 899, 916 (Cal.

---

[1] The California legislation approving the Dugard settlement states, "[I]t is a virtual certainty Ms. Dugard and her daughters will require counseling for the rest of their lives. Second, Ms. Dugard's daughters have received no formal education, and neither is currently equipped to handle the academic or social challenges that school – and society – will pose, nor has Ms. Dugard received any education since her abduction. In addition, the plaintiffs have received minimal, if any, medical care for years." Therefore, it can be inferred that some of the settlement funds were intended for economic damages.

Ct. App. 1978). This assessment is based on claims for injury, not whether the other parties were in fact liable. *Knox v. Cnty. of Los Angeles*, 109 Cal. App. 3d 825, 833 (Cal. Ct. App. 1980). Thus, even if the non-settling tortfeasor is held liable, the offset can reduce economic damages to zero. *McComber v. Wells*, 72 Cal. App. 4th 512, 518 (Cal. Ct. App. 1999). Similarly, if the settling tortfeasor is found not liable, the offset still applies to any judgment against the non-settling tortfeasor. *Knox*, 109 Cal. App. 3d at 833.

In this case, the Motion for an Offset should be granted because Plaintiffs reached a settlement with a joint tortfeasor of the current action. Under section 877, two parties are considered "joint tortfeasors" when they are claimed to have caused the "same wrong." *Lafayette v. Cnty. of Los Angeles*, 208 Cal. Rptr. 668, 672 (Cal. Ct. App. 1984); *May v. Miller*, 228 Cal. App. 3d 404, 409 (Cal. Ct. App. 1991); *JTS Corp.*, 617 F.3d at 1116-17. The same wrong may arise "from two successive independent torts and does not require unity of purpose, action, or intent by the two or more tortfeasors." *JTS Corp.*, 617 F.3d at 1116-17; *See Lafayette*, 208 Cal. Rptr. at 672; *Kohn v. Superior Court of San Mateo,* 142 Cal. App.3d 323, 328 (Cal.Ct.App.1983). The plaintiffs need not allege the same tort. *JTS Corp.*, 617 F.3d at 1116-17; *See Lafayette*, 208 Cal. Rptr. at 672; *Kohn*, 142 Cal. App.3d at 328. Plaintiffs need only "claim that the tortfeasors caused the same harm." *JTS Corp.*, 617 F.3d at 1116-17. The purpose of the statute is to "avoid double recovery for the same injury." *Lafayette*, 208 Cal. Rptr. at 673. In this case, Plaintiffs sought remedy against California for the same harm as claimed against the United States, and an offset is necessary to prevent double recovery.

In *Lafayette*, the court explained how the statute applied to a previous case where a nonsettling tortfeasor was liable for damages from an initial harm as well as the subsequent harm

---

[2] However, A. Dugard's Settlement Trust provides for "████████████████████████████████████" *See* Settlement Trust Ex. I, at 7, 9-10, 38. As of May 31, 2013, the trust balance was ████████ *See* A. Dugard Settlement Trust

U.S.' Mot. For Offset for Settlement                                                                                                              4

from medical malpractice. *Id.* The court explained that if the second tortfeasor, who had committed the medical malpractice, settled with the plaintiff, such a settlement would offset any verdict against the original tortfeasor. *Id.* Thus, the court in *Lafayette* held a settlement with a lawyer for subsequent legal malpractice handling a claim should offset the verdict against a hospital for the original medical malpractice. *Id.* The court is less willing to apply an offset when two injuries are completely separate such as when a plaintiff joined two defendants in an action for two unrelated car wrecks. *Carr v. Cove*, 33 Cal. App. 3d 851, 857 (Cal. Ct. App. 1973). While an offset is not available when there is a legal division between two types of harm, such is not an issue in the instant case. *Hoch v. Allied–Signal, Inc.* 24 Cal. App. 4th 48, 64 (Cal. Ct. App. 1994) (holding that noneconomic damages could not be used in an offset).

In this case, all of the evidence indicates that Plaintiffs' claims against California and claims against the United States sought remedy for the same harm from the same time period. This is true regardless of whether one considers the harm indivisible and continuous from 1991 to 2009, or as multiple discrete harms occurring throughout the 18 year period. This is because each and every harm, as a result of sexual assault, captivity, or mental or physical abuse, that was alleged against the United States, was also claimed against California. *See* Ex. B, at PLFS001329-30, PLFS001333-34; Ex. H, ¶¶ 1, 38-40.

Administrative claims against California on behalf of Jaycee Dugard sought remedy for harm for the entire period of captivity, from 1991 to 2009. *See* Ex. C, at RB000053; Ex. B, at PLFS001329-30. Administrative claims against California on behalf of A. Dugard sought remedy for the time periods of her birth until 2009. *See* Ex. C, at JC000003; Ex. B, at PLFS001333-34.

The settlement with California was made in consideration for the harm from all events occurring between 1991 and 2009. *See* Ex. A, at 1. The stipulation for settlement also indicated that

Investment Statement, Ex J, DUG-CTYNTL 194.

the settlement was made in compromise for that 18 year period. *See* Ex. D, at 1. The California legislature, in its bill approving the $20,000,000 settlement, expressly referred to those claims made by Plaintiffs with the California Victim Compensation and Government Claims Board. *See* Ex. E, at 5. In the Recitals of the Settlement, the parties referred the original claims brought against California. *See* Ex. A, at 1.

Now, the Plaintiffs seek remedy for the same alleged harm. The administrative claims brought against the United States refer to the same events causing the injury—beginning with the abduction in 1991 and continuing until 2009. *See* Ex. F, at DUG-PC 000017-23, DUG-PC 000024-30. In a response to an interrogatory, Plaintiffs did not explain with precision what harm was claimed, but referred to the harm caused by the entire 18 years of captivity. *See* Ex. G, at 14:22-27, August 9, 2012. Additionally, Plaintiffs' most recent complaint alleges harm occurring between 1991 and continuing up until 2009. *See* Ex. H, ¶¶ 1, 38-40. Any possible argument that the claims against California were limited to the State's actions beginning in 1999 is undercut by the claims' multiple references to events that occurred before that period. The claims refer to "█████████ █████" which ended in 1997. *See* Ex. B, at PLFS001330, PLFS001334; Ex. C, at RB000053, JC000003; Dugard Dep. at 245:23-25; Forensic Interview of Jaycee Dugard Ex. K, at 136, 274, September 8, 2012. Because California compensated Plaintiffs for the same harms as claimed against the United States, an offset is necessary to serve the purpose of section 877, to prevent a double recovery.

//

//

//

//

U.S.' Mot. For Offset for Settlement 6

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court grant the

**United States' Motion for an Offset for Plaintiffs' Settlement With California.**

Date: August 1, 2013                                              Respectfully submitted,

                                                      Stuart Delery
Principal Deputy Assistant Attorney General
James G. Touhey, Jr.
Director, Torts Branch

/s/Bridget Bailey Lipscomb
Bridget Bailey Lipscomb
Senior Trial Counsel
Paul Stern
Trial Attorney
Deepthy Kishore
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, D.C. 20044
(202) 616-9356
(202) 616-5200 (fax)

Attorneys for Defendant
United States of America

# CERTIFICATE OF SERVICE

I, Bridget Bailey Lipscomb, hereby certify that on August 1, 2013, I served a true copy of the foregoing **United States' Motion for an Offset for Settlement With California** by electronic filing to all counsel of record, including:

Dale F. Kinsella
Kinsella, Weitzman, Iser, Kump & Aldisert, LLP
808 Wilshire Boulevard
Santa Monica, CA 90401
dkinsella@kwikalaw.com

/s/ Bridget Bailey Lipscomb
BRIDGET BAILEY LIPSCOMB

U.S.' Mot. For Offset for Settlement